United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ANASTECIA UGBAJA, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-4094 |
| | § | |
| WALMART INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

**ORDER**

Pending before the Court is Defendant Walmart Inc.'s ("Walmart") Motion for Summary Judgment. (Doc. No. 17). Plaintiff Anastecia Ugbaja ("Plaintiff") responded. (Doc. No. 19). Walmart has filed a Reply in Support of its Motion, (Doc. No. 20), and Plaintiff has filed a Sur-reply (Doc. No. 21). After considering the filings, admissible summary judgment evidence, and the relevant legal standards, the Court hereby **GRANTS** Walmart's Motion for Summary Judgment and dismisses this case with prejudice.

## I. Background

This case arises from a slip-and-fall incident in a Walmart store. On August 11, 2023, Plaintiff was a customer at a Walmart store located in Houston, Texas. (Doc. No. 19–1 at 9-10 (Declaration of Plaintiff)). While at the store, Plaintiff needed to use the restroom. (*Id.*) Upon approaching the restroom area, Plaintiff found that a Walmart employee had set up orange "wet floor" signs in front of the women's restroom. (Doc. No. 17–5 (store images) at 1, 3-4). Those signs said "caution," "wet floor," and had an image of a person slipping. (*Id.*) There was also a maintenance cart stopped in the doorway of the women's restroom. (Declaration of Plaintiff at 9).

A Walmart employee then informed Plaintiff that the restroom was being cleaned and directed Plaintiff to use another restroom. (*Id.*). Apparently, the other restroom was unavailable. (*Id.*)

Plaintiff then returned to the first restroom area, where the orange "wet floor" signs, along with the maintenance cart, were still in front of the restroom door. (Doc. No. 17–2 (Plaintiff's Deposition) at 100:2-14). Plaintiff walked around the cleaning cart and the "wet floor" sign and entered the restroom. (Doc. No. 17–4 (store video) at 12:39:13-15). Immediately upon entering the restroom, Plaintiff slipped and fell. (Declaration of Plaintiff at 10).

Plaintiff sued Walmart in the 164th Judicial District Court of Harris County, Texas, asserting claims for premises liability, general negligence, and gross negligence. Walmart removed to this Court and has now moved for summary judgment.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary

judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III. Analysis

Plaintiff pleaded three separate causes of action against Walmart: (1) premises liability, (2) negligence, and (3) gross negligence. Walmart requests this Court to grant summary judgment on all three causes of action. (Doc. No. 17). The Court addresses each in turn.

### A. Summary judgment is appropriate on Plaintiff's premises liability claim

The parties do not dispute that Plaintiff was on the premises of Walmart as an invitee. To succeed on a premises liability claim, an invitee must prove four elements: (1) that Defendant had actual or constructive knowledge of the condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that Defendant failed to exercise reasonable care to reduce or eliminate the risk; and (4) that Defendant's failure to use such care proximately caused Plaintiff's injuries. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). The third element is negated if the property owner adequately warned the invitee about the condition. *Henkel v. Norman*, 441 S.W.3d 249, 252 (Tex. 2014). "If the evidence conclusively establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law." *Id.*

To be adequate, the warning "must notify of the particular condition." *Id.* The Supreme Court of Texas has held that warnings were sufficient as a matter of law where: (1) a cashier warned a customer to "watch the wet spot," (2) there was a wet floor sign and the plaintiff was verbally warned to "'be careful' because the 'floor may be a little damp,'" and (3) the defendant told the plaintiff "don't slip." *Id.* (collecting cases).

In this case, it is undisputed that Walmart set up wet floor signs in front of the women's restroom. (store images at 1, 3-4). Those signs said "caution," "wet floor," and had an image of a person slipping. (*Id.*) Plaintiff saw those signs. (Plaintiff's Deposition at 100:2-7). Plaintiff was also told that the restroom was being cleaned and instructed by a Walmart employee to use a different bathroom. (Declaration of Plaintiff at 9).

The "wet floor" sign, taken together with the statement by the Walmart employee that the restroom was being cleaned, was sufficient to notify the Plaintiff of the particular condition: the wet floor. As such, Walmart's warning was adequate as a matter of law. *See Henkel*, 441 S.W.3d at 252.

The Supreme Court of Texas has recognized an exception to the general rule (that an adequate warning will discharge the defendant's duty) where "despite an awareness of the risks, it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 208 (Tex. 2015). No party has cited, and the Court is unable to find, any case in which a Texas court or a court applying Texas law has found that this "necessary-use exception" applied in a wet floor case. It stands to reason that this is because an invitee is, in most cases, able to take measures to avoid the risk of slipping on a wet floor. *See id.* There is no evidence here that Plaintiff was unable to do so.

Since Walmart adequately warned Plaintiff of the wet floor, and because the necessary-use exception does not apply, there is no genuine issue of material fact upon which a jury could find for Plaintiff on the premises liability claim. Summary judgment is granted as to Plaintiff's premises liability claim.

**B. Summary Judgment is appropriate on Plaintiff's general negligence claim**

Generally, there are two negligence-related theories upon which a plaintiff may recover from a premises owner: general negligence and premises liability. Although a person injured on another's property may have both a negligence claim and a premises liability claim against the property owner, the two are "independent theories of recovery, and a finding of one will not suffice to create liability for the other." *Cobarrubias v. Lowe's Home Centers, LLC*, 2023 WL 5729941, at *5 (S.D. Tex. Sept. 4, 2023) (citing *Clayton W. Williams. Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)).

"[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775–76 (Tex. 2010). As such, when an injury is the result of a condition created by the defendant's activity, rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. *Brown v. Wal-Mart Stores Texas, L.L.C.*, 2023 WL 4354225, at *2 (S.D. Tex. July 5, 2023) (citing *Lucas v. Titus County Hosp. Dist./Titus County Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, pet. denied), 988 S.W.2d 740 (Tex. 1998)).

The Supreme Court of Texas considered a case similar to this one in *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). In *Keetch*, the plaintiff slipped and fell on a wet floor created

when a Kroger employee sprayed some plants with water. *Id.* The Supreme Court of Texas held that "Keetch may have been injured by a condition created by the spraying but she was not injured by the activity of spraying." *Id.*

Here, it is undisputed that Plaintiff slipped on a wet floor. A wet floor is a condition created by the defendant's activity, not the activity itself. Just as in *Keetch*, Plaintiff here may have been injured by a condition created by the Walmart employee cleaning the bathroom but was not injured by the activity of cleaning the bathroom. *See id.*

Moreover, Plaintiff has not presented evidence that raises a genuine issue of material fact that a Walmart employee was negligent. Plaintiff's suggestion that the bathroom door should have been locked or otherwise barred is insufficient. Plaintiff has not presented any evidence showing that Walmart had an affirmative duty to physically prevent Plaintiff from entering the bathroom.

Here, too, there is no genuine issue of material fact. Summary judgment is granted on Plaintiff's general negligence claim.

**C. Summary judgment is appropriate on Plaintiff's gross negligence claim**

"[A] finding of ordinary negligence is a prerequisite to a finding of gross negligence." *Moe v. Bailey*, 2026 WL 1181172 at *5 (Tex. App.—Houston [14th Dist.] 2026, pet. Filed). Where summary judgment is proper on a plaintiff's negligence claims, it is proper on their gross negligence claim. *Id.*; *Sonic Sys. Int'l, Inc. v. Croix*, 278 S.W.3d 377, 394-95 (Tex. App.—Houston [14th Dist.] 2008, pet. Denied).

Plaintiff cannot maintain a claim for ordinary negligence or premises liability. Because of this, summary judgment is appropriate on Plaintiff's gross negligence claim as well.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Walmart's Motion for Summary Judgment and dismisses this case with prejudice.

It is so ordered.

Signed on this the 29th day of September 2026.

Andrew S. Hanen
United States District Judge